# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRESTWOOD MEMBRANES, INC., :
:
       Plaintiff, :
v. : 3:15-CV-537
: (JUDGE MARIANI)
CONSTANT SERVICES, INC., :
:
       Defendant. :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant's Motion for Reconsideration, (Doc. 110), which asks the Court to reconsider its Opinion dated March 22, 2017, (Doc. 107), and accompanying Order, (Doc. 108), in which the Court granted Defendant's Motion for Summary Judgment in part and denied it in part. For the reasons discussed below, the Court will deny the Motion for Reconsideration.

### II. PROCEDURAL HISTORY

On March 17, 2015, Plaintiff, Crestwood Membranes, Inc., d/b/a i2M ("i2M"), filed a Complaint against Defendant, Constant Services, Inc. ("CSI"). The Complaint stemmed from a business relationship in the pool liner industry and alleged four causes of action: Count I, "Copyright Infringement;" Count II, "Breach of Contract;" Count III, "Breach of Warranty;" and Count IV, "Negligence in Performance of Contract." (Doc. 1 at ¶¶ 30-48). On December 24, 2015, i2M moved for summary judgment on the copyright infringement

claim. (Doc. 23). A Report and Recommendation ("R&R") was issued by Magistrate Judge Carlson. (Doc. 95). The R&R recommended that this Court deny i2M's motion on the basis that disputes of fact remain about the availability of certain defenses that may insulate CSI from liability. (*Id.* at 21-22). Over i2M's objections, this Court adopted the R&R in full and denied i2M's Motion for Partial Summary Judgment. (Doc. 104).

On May 31, 2016, CSI moved for summary judgment on all four of i2M's claims. (Doc. 56). Magistrate Judge Carlson issued an R&R on CSI's motion that made two recommendations. First, consistent with the prior R&R on i2M's motion, the R&R on CSI's motion recommended denying summary judgment with respect to the copyright infringement claim. (Doc. 96 at 28). Second, after finding that i2M's filings failed to comply with Local Rule 56.1, the R&R recommended that this Court postpone ruling on CSI's motion with respect to the fading and seam separation claims, strike i2M's Response to CSI's motion, and order i2M to file a new response that complies with the local rules. (*Id.* at 29).

In an Opinion dated March 22, 2017, this Court noted that neither party objected to the R&R's recommendation to deny CSI's motion with respect to the copyright infringement claim. (Doc. 107 at 2). The Court, therefore, reviewed the recommendation for clear error and manifest injustice, adopted it, and denied CSI's motion on that claim. (*Id.*). The Court, however, declined adopting the R&R's second recommendation. (*Id.*). Instead, the Court deemed admitted any statement in i2M's original Response to CSI's Statement of Material Facts, (Doc. 72), which did not rely by citation on evidence in the record at the time that the

2

briefing on the summary judgment motion was completed.[1] (*Id.* at 4). The Court then addressed the merits of CSI's arguments. (*Id.* at 6-17).

In addressing the merits, the Court found that there were genuine issues of material facts that prevented entry of summary judgment on the fading and seam separation claims, Counts II and IV. The Court reasoned as follows:

> As CSI admits, "[w]ith regard to issues of fading and seam separation, Mr. Hackett testified that it was CSI's printing practices, and them alone, that led to those issues for end use customers." (Doc. 57 at ¶ 82). Indeed, Mr. Hackett testified that "[b]ased on the third-party testing we have done, based on the experts we have in-house," i2M determined that the seam separation and fading issues were the result of CSI's printing. (Doc. 57-3 at 33-34). CSI goes on to argue that this contention is otherwise unsupported in the record and that the problem was actually due to i2M's vinyl. (Doc. 57 at ¶¶ 83-87). In essence, however, this is an attempt by CSI to get this Court to make a credibility determination as to the testimony of Mr. Hackett and weigh the evidence. But, as this Court has often noted, on summary judgment "'the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)); see also *Anderson*, 477 U.S. at 255. Consequently, the Court will deny CSI's Motion for Summary Judgment on this basis.

*Crestwood Membranes, Inc. v. Constant Servs., Inc.*, 2017 WL 1088089, at *4 (M.D. Pa. 2017). The Court did, however, dismiss Plaintiff's breach of warranty claim, Count III, as

---

[1] To the extent that CSI argues that this Court deemed these facts admitted for the purposes of trial pursuant to Federal Rule of Civil Procedure 56(g), the Court has not done so. Rule 56(g) provides that "[i]f the court does not grant all the relief requested by the [summary judgment] motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." The Court entered no such order in this case.

3

that claim was barred as a matter of law because CSI was not a "merchant" or a seller of "goods" under Article 2 of the Pennsylvania Uniform Commercial Code. *Id.* at *6-*8.

CSI now moves for reconsideration of this Court's Opinion and Order, arguing that it did, in fact, object to the R&R's recommendation to deny summary judgment on the copyright claim. (Doc. 111 at 3-4). Accordingly, CSI requests that this Court grant CSI's Motion for Summary Judgment, (Doc. 56), in full. (Doc. 111 at 14).

### III. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, the motion is generally permitted only if (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the

Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

## IV. ANALYSIS

As an initial matter, CSI does not argue that there has been an intervening change in the controlling law or that there is new evidence that has become available that was not previously available at the time the Court issued its decision. Instead, CSI only argues that this Court made a clear error of fact. (Doc. 111 at 6). Specifically, CSI argues that the Court erred when it noted that CSI did not object to the R&R's recommendation that summary judgment be denied with respect to the copyright claim. (*Id.* at 3-4).

In fact, this alleged error appears to be the only basis CSI's raises for reconsideration. Although CSI asks this Court to reconsider denial of summary judgment on the fading and seam separation claims found in Counts II and IV of the Complaint, CSI fails to explicitly point to an error that this Court made in denying summary judgment on those claims. Instead, CSI simply argues that, on the basis of the undisputed facts, there is no genuine issue of material fact for trial on the fading and seam separation claims. (*Id.* at 8-13).

This argument lacks merit for at least two reasons. First, it is simply an attempt to improperly use a Motion for Reconsideration "as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan*, 877 F. Supp. 2d at 226 (quoting *Ogden*, 226 F. Supp. 2d

5

at 606). Second, it ignores the fact that this Court explicitly identified a part of the record that demonstrated that there are genuine issues of material fact for trial on the fading and seam separation claims:

> As CSI admits, "[w]ith regard to issues of fading and seam separation, Mr. Hackett testified that it was CSI's printing practices, and them alone, that led to those issues for end use customers." (Doc. 57 at ¶ 82). Indeed, Mr. Hackett testified that "[b]ased on the third-party testing we have done, based on the experts we have in-house," i2M determined that the seam separation and fading issues were the result of CSI's printing.

*Crestwood Membranes, Inc*, 2017 WL 1088089, at *4. Thus, CSI fails to pinpoint any specific basis for reconsideration of the fading and seam separation claims and further fails to specifically address why it is entitled to summary judgment despite the factual dispute that the Court explicitly identified concerning those claims. Accordingly, the Court will deny CSI's Motion for Reconsideration as it pertains to the fading and seam separation claims.

Turning to the only specific basis for reconsideration that CSI identifies, the Court finds no error. CSI argues that the Court erred when it noted that CSI did not object to the R&R's recommendation that summary judgment be denied with respect to the copyright claim. (*Id.* at 3-4). To support its argument, CSI points to a footnote in its objections to the R&R. (*Id.* at 4; Doc. 97 at 4-5 n.1). The footnote in questions reads in full:

> Defendant notes that Magistrate Judge Carlson further recommends that Defendant's Motion for Summary Judgment with respect to the Copyright Claim should be denied. The well-reasoned Report and Recommendation finds that "...consideration of these affirmative defenses often involve a very fact-specific analysis, and consequently the assessment of these defenses frequently entails resolution of factual disputes, a task which cannot be undertaken in a motion for summary judgment." (Doc. 96 at p. 18). While

6

> Defendant submits that it disagrees with the recommendation of Magistrate Judge Carlson, it does not object to the court's well-articulated and reasoned recommendation, especially in light of the fact that the Magistrate Judge similarly recommended that Plaintiff's Motion for Partial Summary Judgment be denied for essentially the same reason. (*See* Docs. 95, 96). If, however, the recommendation that Plaintiff should be given leave to amend its opposition to the Motion for Summary Judgment is rejected by this Court, Defendant submits that the admitted facts support entry of judgment in favor of Defendant on both the Copyright claim, as well as the fading/ seam separation claim. Accordingly, the instant Objection concerns Plaintiff's noncompliance with L.R. 56.1, and the recommendation that Plaintiff should be afforded a second opportunity to respond to Defendant's Statement of Material Facts.

(Doc. 97 at 4-5 n. 1). Ignoring for a moment that CSI specifically stated that "it does not object to the court's well-articulated and reasoned recommendation" concerning the copyright claim and that its "instant Objection concerns Plaintiff's noncompliance with L.R. 56.1, and the recommendation that Plaintiff should be afforded a second opportunity to respond to Defendant's Statement of Material Facts," to the extent that CSI did object to that recommendation, it waived its objection by failing to brief it properly. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n. 6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."). If CSI objected to the recommendation that this Court should deny summary judgment on the copyright claim, CSI should have properly briefed those objections.

Nevertheless, even if CSI did not waive its arguments, they are without merit. The R&R outlined the factual disputes that prevent entry of summary judgment on the copyright claim. (Doc. 96). For instance, the R&R found that

7

> it appears that i2M's owner, Christopher Hackett, first learned that CSI was using cylinders that were engraved with these copyrighted images to print substrate for Trevi in mid-summer 2014. Hackett alleges that, prior to this time, he had not been informed by CSI, or by anyone else, of this use of these copyrighted designs. Hackett objected to this practice, and demanded that CSI return the cylinders which were engraved with these designs to i2M.

(*Id.* at 7). Thus, the R&R concluded that i2M assertion "that it never agreed to any . . . licensing arrangement . . . is supported by the testimony and conduct of i2M's owner, Mr. Hackett." (*Id.* at 21).

CSI, for its part, has failed to advance arguments about how specifically the Magistrate Judge erred in coming to its—in the words of CSI—"well-articulated and reasoned recommendation." (Doc. 97 at 5 n. 1). Additionally, the Court finds no error in light of the evidence in the record that Mr. Hackett did not know about or acquiesce in CSI's use of the copyrighted patterns. (Doc. 23-2 at ¶ 8; Doc. 57-3 at 15-16). Although CSI argued that the actions of Mr. Dunbar gave rise to the implied license, CSI has failed to point to any evidence in the record that clearly shows Mr. Dunbar undisputedly had the authority to grant any such licenses.[2]

Additionally, the R&R noted that CSI's "estoppel claim, like CSI's implied license argument, entails a weighing of conflicting evidence." (*Id.*). The Court agrees. Without undisputed evidence as to (1) what Mr. Hackett did and did not know regarding CSI's use of the copyrighted patterns, and (2) the extent of Mr. Dunbar's authority as agent of i2M, entry

---

[2] The record is also far from clear about whether Mr. Dunbar even knew that the i2M patterns CSI was using were owned or copyrighted by i2M. (Doc. 57-3 at 73).

8

of summary judgment is inappropriate. Accordingly, even in light of what this Court has deemed admitted for the purposes of CSI's summary judgment motion, there are still disputes of fact that prevent entry of summary judgment on the copyright claim.

## V. Conclusion

For the foregoing reasons, the Court will deny CSI's Motion for Reconsideration, (Doc. 110). A separate Order follows.

Robert D. Mariani
United States District Judge