# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRESTWOOD MEMBRANES, INC., :
                      :
         **Plaintiff,** :
         v.                :     **3:15-CV-537**
                      :     **(JUDGE MARIANI)**
CONSTANT SERVICES, INC.,   :
                      :
         **Defendant.**       :

FILED
SCRANTON

MAY 3 0 2017

PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion for Leave to Amend its Complaint, (Doc. 120). The Motion primarily seeks to add four additional patterns to the list of copyrighted pool liner patterns that Plaintiff asserts Defendant infringed upon by allegedly printing without Plaintiff's consent. Defendant opposes this Motion, and, in the alternative, requests that, if Plaintiff is allowed to amend its Complaint, the Court should reopen discovery with respect to the new allegations. (Doc. 123). For the reasons that follow, the Court will grant Plaintiff's Motion to Amend its Complaint and will also reopen fact discovery as it concerns these new allegations.

### II. PROCEDURAL HISTORY

On March 17, 2015, Plaintiff, Crestwood Membranes, Inc., d/b/a i2M ("i2M"), filed a Complaint against Defendant, Constant Services, Inc. ("CSI"). (Doc. 1). The Complaint stemmed from a business relationship in the pool liner industry and, as relevant here,

alleged that CSI infringed upon i2M's copyrights to two patterns used for printing on swimming pool liners. The parties engaged in various—and somewhat contentious—discovery up until May of 2016. By May 31, 2016, both parties had filed motions for summary judgment. (Docs. 23, 56). Then, on August 5, 2016, this Court referred the case to Magistrate Judge Saporito for the purpose of conducting settlement negotiations. (Doc. 78). Those negotiations were ultimately unsuccessful.

The Court also referred both summary judgment motions to Magistrate Judge Carlson for a Report and Recommendation ("R&R"). On February 3, 2017, the Magistrate Judge issued an R&R concerning i2M's Motion for Summary Judgment. (Doc. 95). On February 8, 2017, the Magistrate Judge issued a second R&R, this one concerning CSI's Motion for Summary Judgment. (Doc. 96). Upon review of the R&Rs, the Court ultimately resolved the two summary judgment motions, (Docs. 104, 107, 108), and then set a trial date of January 29, 2018. (Doc. 113).

Subsequent to setting a trial date, i2M filed the present motion on April 23, 2017, seeking to amend its Complaint to add four new copyrighted patterns to the lists of patterns it alleges that CSI infringed.[1] In the brief accompanying the Motion, i2M asserts that it first became aware that CSI infringed upon the four additional copyrighted patterns when i2M received a group of documents from CSI on May 31, 2016. (Doc. 120-1 at 3). i2M further

---

[1] Additionally, the proposed Amended Complaint, in the words of i2M, "updates certain matters, such as eliminating its original third claim for breach of implied warranty as to which the Court granted summary judgment in CSI's favor, striking the specific dollar amounts of estimated damages, and making minor language changes." (Doc. 120-1 at 6). While opposing i2M's motion as a whole, CSI has not made any specific arguments that address these additional changes to i2M's Complaint.

2

contends that it first "shared its conclusions about CSI's infringement of at least four additional i2M-owned patterns" with CSI at the settlement negotiations in August of 2016. (*Id.* at 4).

### III. ANALYSIS

Federal Rule of Civil Procedure 15 provides that a party may amend their complaint once within twenty-one days of service. Fed. R. Civ. P. 15(a)(1). After that time, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'" *Payne v. Duncan*, 2016 WL 2859612, at *1 (M.D. Pa. 2016) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990)). Indeed, the Third Circuit has noted that "[g]enerally, Rule 15 motions should be granted," *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016), and that "the pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint" or pleading, *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013).

Nevertheless, "[t]here are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile,

3

or (3) the amendment would prejudice the other party.'" *United States ex rel. Customs Fraud Investigations*, 839 F.3d at 249 (quoting *United States ex rel. Schumann v. Astrazeneca Pharma. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)). "[P]rejudice to the nonmoving party is the touchstone for the denial of the amendment." *Dole*, 921 F.2d at 488 (quotation marks omitted).

In its Brief in Opposition, CSI argues that i2M's motion should be denied because (1) i2M's motion was unduly delayed, and (2) granting i2M's motion would cause prejudice to CSI.[2] The Court will address each of CSI's arguments in turn.

"Delay alone will not constitute grounds for denial" of a motion for leave to amend. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). Undue delay, however, may justify a denial of a motion for leave to amend. *United States ex rel. Customs Fraud Investigations*, 839 F.3d at 249. "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung*, 550 F.3d at 266. Nevertheless, "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

---

[2] CSI also, in several places in its brief, accuses i2M of having a dilatory motive in moving to amend its Complaint at this time. CSI fails, however, to point to any extrinsic evidence of dilatory motive or bad faith outside of the fact that the motion was not made earlier in the case. Thus, because CSI provides no support for its contention that i2M acted with a dilatory motive in moving for leave to amend, the Court rejects this argument. However, to the extent that CSI argues that the asserted "undue delay" evidences i2M's bad faith, the Court will address that contention in the context of its discussion of whether the motion was indeed unduly delayed.

While there has been some delay in the filing of the present motion, the Court cannot say that it rises to the level of undue delay and requires the Court to deny i2M's motion. According to i2M, it first came to believe that CSI printed four other patterns for which i2M possessed the copyrights to on May 31, 2016, when CSI turned over certain documents to i2M. (Doc. 120-1 at 3). CSI agrees that it turned over documents it obtained from a third party on this date. (Doc. 123 at 6). i2M then made CSI aware during settlement negotiations that i2M believed it had additional claims against CSI. (Doc. 120-1 at 4; Doc. 123 at 6). Then, in December of 2016, approximately two months after settlement negotiations failed, i2M moved to supplement the record on its Motion for Summary Judgment to include information about the other four patterns. (Doc. 91). Thereafter, on February 3, 2017, Magistrate Judge Carlson issued an R&R which explicitly did not consider this additional material. (Doc. 95 at 7). The R&R advised the parties that, if they felt "that recent discovery has broadened their dispute, they should seek to amend their pleadings, and conduct orderly discovery on these newly disputed matters." (*Id.*). Then, on March 10, 2017, this Court adopted the R&R. (Doc. 104). Approximately six weeks later, i2M filed the present Motion to Amend. (Doc. 120).

While this timeline shows that there has been some delay in moving to amend, the Court cannot say it is undue. Granting the motion at this stage in the litigation will not burden the Court. Although a trial date is set, that date is months away, and there is still ample time for the parties to conduct discovery on these additional matters. Thus, allowing

the current amendment will not postpone trial. Further, given the nature of the amendment—adding additional patterns to the list of alleged infringed copyrights—granting the motion will not significantly broaden the scope of trial.

Finally, contrary to CSI's contentions, the timeline of events does not evince any bad faith or dilatory motive on the part of i2M. Indeed, after coming to believe that CSI infringed upon other copyrighted patterns, i2M made CSI aware of its belief leading up to the settlement negations. i2M also made CSI aware of some of the contours of its additional claims in the supplemental materials it filed in December of 2016 and January of 2017. (Docs. 91, 93). Accordingly, although i2M may not have chosen the best course of action concerning its Motion to Amend, there is no indication that i2M tried to hide its additional claims or is trying to gain an unfair tactical advantage by raising them at this stage.

Next, CSI argues that it will be unfairly prejudiced if the Court allows i2M to amend its Complaint. "A mere claim of prejudice is not sufficient; there must be some showing that [a party opposing a motion to amend] 'was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Dole*, 921 F.2d at 488 (second alteration original) (quoting *Cornell & Co. v. OSHRC*, 573 F.2d 820, 823 (3d Cir. 1978)). It is the party opposing the amendment who has the burden of showing that such prejudice will occur. *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 428 (3d Cir. 1987). Thus, "[i]n order to make the required showing of prejudice, regardless of the stage of the proceedings, [a party opposing a motion

to amend] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488. Additionally, Courts may "consider[ ] whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273.

CSI has not shown that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence it otherwise would have offered had i2M amended earlier.[3] Nor has CSI shown that its ability to defend against i2M's action would be seriously impaired if this Court was to grant i2M's motion. Instead, CSI primarily contends that it would be prejudiced because an amendment would necessitate reopening discovery. However, "the need for additional discovery does not conclusively establish prejudice." *Dole*, 921 F.2d at 488. Indeed, although discovery, as discussed below, would need to be reopened in this case, the nature of the amendment i2M has proposed indicates that the required additional discovery would be limited. i2M's amendment primarily adds four patterns to the list of copyrighted patterns it alleges that CSI infringed upon by printing without i2M's consent. It does not add any additional causes of actions or substantially change i2M's theory of recovery. Accordingly, given the limited nature of the amendment, it is unlikely that CSI will incur substantial costs in conducting the additional discovery. Consequently, allowing i2M to amend its Complaint as it has proposed would not cause CSI

---

[3] CSI does argue that it is disadvantaged because i2M has been able to plan its prosecution on these claims for months while CSI has done nothing to prepare. CSI, however, was on notice as early as October of 2016 that i2M might seek to amend its Complaint to add these additional claims.

unfair prejudice.  Therefore, the Court will grant i2M's Motion for Leave to Amend its Complaint.

Finally, because the Court is allowing i2M to amend its Complaint, the Court will reopen fact discovery limited to the new facts and issues raised by i2M's amendment. Although i2M has argued that additional discovery is not necessary, these arguments are utterly without merit.  i2M's proposed Amended Complaint raises new factual issues that CSI is entitled to test and explore before trial through discovery.  CSI has requested that the Court reopen discovery for at least three months.  Because i2M has not put forth any alternative time frame for additional discovery, the Court will grant CSI's request.

## IV. CONCLUSION

For the reasons outlined above, the Court will grant i2M's Motion for Leave to Amend its Complaint.  The Court will further grant CSI's request to reopen fact discovery, but such discovery shall be limited to the new matters raised by Plaintiff's Amended Complaint.  A separate Order follows.

Robert D. Mariani
United States District Judge