**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRESTWOOD MEMBRANES, INC.** | ) | |
| **d/b/a/ i2M,** | ) | |
| | ) | |
| **755 Oakhill Road** | ) | |
| **Crestwood Industrial Park** | ) | |
| **Mountain Top, PA 18707** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:15-cv-00537-RDM** |
| | ) | |
| **CONSTANT SERVICES, INC.** | ) | |
| | ) | |
| **17 Commerce Road** | ) | **Jury Trial Demanded** |
| **Fairfield, NJ 07004** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## AMENDED COMPLAINT

Crestwood Membranes, Inc., d/b/a/ i2M ("i2M") brings this civil action by and through undersigned counsel against Constant Services, Inc. ("CSI") for copyright infringement, negligent performance of contract, breach of contract, and breach of warranty. To the best of i2M's knowledge, information, and belief, formed after reasonable investigation by its counsel, i2M alleges as follows:

### Introduction

In May 2009, i2M bought HPG International, Inc. ("HPG") out of bankruptcy. HPG manufactured polyvinyl chloride ("PVC" or "vinyl") film and sheet, a thermoplastic material, for commercial roofing and other products. When HPG went bankrupt, more than 140 employees were thrown out of work.

Since i2M took over HPG's operations, there has been a turnaround. Today, i2M employs more than 115 people, and former HPG employees make up over 75% of the workforce.

i2M makes vinyl film and sheet for commercial roofing, swimming pool liners, geomembranes, laminates, pressure-sensitive labels, wall coverings, shower pan liners, and window shade film.

A key focus of i2M's business is the manufacture of printed vinyl swimming pool liner film. Customers choose vinyl for their swimming pool liners because of its flexibility, smooth surface, lack of cracks, and accessibility for a variety of shape and design options. Because solid color vinyl liners show specs of dirt in detail, customers prefer liners with printed designs. When i2M purchased HPG, it acquired HPG's intellectual property rights, including HPG's right, title, and interest in copyrighted designs suitable for printing on swimming pool liners. i2M sells its printed film to companies who form it in the shape of swimming pools.

To produce printed vinyl film, designs are engraved on cylinders which can be used for printing under arrangements with third party printers. i2M had such an arrangement with CSI, a commercial printer. Under this arrangement, CSI stored cylinders bearing i2M's copyrighted designs and CSI used those cylinders to print these designs on film i2M sold to customers who ordered printed film from i2M.

The market for vinyl swimming pool liner film is competitive, and i2M competes against much larger rivals. To stay in business, i2M emphasizes quality and innovation. Thus, i2M's film is manufactured under rigorous quality control standards and is specifically formulated and manufactured to exceed customer demands. In addition, i2M's pool liner film is ideally compatible for bonding with conventional Radio Frequency (RF) sealing equipment that yields a strong, durable seam with high integrity which resists separation.

i2M is filing this lawsuit because CSI infringed i2M's copyright in at least six designs and because CSI's defective printing on i2M vinyl swimming pool liner film has caused that film

to fade or separate at the seam.  As a result of CSI's wrongful conduct, i2M has suffered extensive actual and consequential damages, for which it seeks relief.

## Jurisdiction and Venue

1.  The Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1338(a) (copyright) and 28 U.S.C. § 1332(a) (diversity), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2.  The Court has personal jurisdiction over defendant CSI, consistent with the "long-arm" statute of the Commonwealth of Pennsylvania, 42 Pa. Consol. Stat. Ann. § 5322, because CSI has transacted business in the Commonwealth and in this District and Division; CSI has contracted to supply services in the Commonwealth and in this District and Division; CSI has caused harm and tortious injury in the Commonwealth and in this District and Division; and the Court's exercise of personal jurisdiction over CSI is consistent with the Due Process Clause of the United States Constitution.

3.  Venue is proper in this district and division under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to i2M's claims occurred in this district and this division.

## Parties

4.  Plaintiff i2M is a corporation and a resident of Mountain Top, Pennsylvania, in Luzerne County.

5.  Defendant CSI is a corporation and a resident of Fairfield, New Jersey.

## Factual Background

### A.  Copyright Infringement

6.  In accordance with an Asset Purchase Agreement executed on May 13, 2009, i2M purchased the assets of HPG, including all of HPG's right, title, and interest in and to HPG's intellectual property rights.

7.  Among the intellectual rights i2M acquired from HPG and now owns are the right, title, and interest in and to the intellectual property rights in the following designs registered with the United States Register of Copyrights: "Galaxy Water," registration number VAu 734-035; "Cobblestone," registration number VAu 722-413; "Aquaria Bottom," registration number VAu734-026; "Crystal Wave no. 112," registration number VAu 637-050; "Crystal Wave no. 112, registration number VAu 654-759; and "Crystal Wave," registration number VAu 680-233.

8.  Under an arrangement with i2M, CSI stored i2M cylinders bearing i2M's copyrighted designs, including the six named in paragraph 7, for CSI's use in filling orders placed with CSI by i2M to print those designs on i2M vinyl swimming pool liner film, which i2M offered for sale to its customers.

9.  CSI did not have a license to use i2M's copyrighted designs.

10.  In 2014, i2M learned that, without authorization, permission, or license from i2M, CSI infringed i2M's copyright in the "Cobblestone" and "Galaxy Water" designs by using the i2M cylinders bearing those copyrighted designs to print those designs for CSI's customer, Trévi, on unprinted film purchased by Trévi.  In 2016, i2M learned that, without authorization, permission, or license from i2M, and without i2M's knowledge, CSI infringed i2M's copyright in the "Aquaria Bottom," "Crystal Wave no. 112," "Crystal Wave no. 112," and "Crystal Wave' designs by using the i2M cylinders bearing those copyrighted designs to print those designs for

CSI's customer, Trévi, on unprinted film purchased by Trévi. The infringing designs were referred to by Trévi as "Galaxie Floor," "Cobalt," "Manic," "Rockland," "Knowlton," "Manitou," "Mosaique," and "Aquaria." i2M also learned in 2016 that, although most of CSI's infringing conduct was performed on unprinted film that Trévi purchased from i2M, some of CSI's infringing conduct was performed on unprinted film that Trévi purchased from a Chinese company named Nanya.

11. CSI had no authorization, permission, or license to use or print i2M's copyrighted designs for Trévi, and i2M did not acquiesce in CSI's practice of using and printing i2M's copyrighted designs for Trévi.

12. To the extent CSI claims it had a license from HPG to use and print HPG's copyrighted designs for Trévi on unprinted film, no such license was conveyed by HPG to i2M o purchased by i2M from HPG in the bankruptcy proceeding involving HPG and i2M.

13. To the extent CSI claims it had a license from HPG to use and print HPG's copyrighted designs for Trévi on unprinted film, such license expired in the bankruptcy proceeding involving HPG and i2M.

. 14. After i2M learned in 2014 of CSI's infringement of i2M's copyrighted "Cobblestone" and "Galaxy Water" designs, it demanded that CSI return to i2M's custody the i2M cylinders bearing those designs. After much delay, CSI complied with i2M's request.

15. CSI repeatedly has refused to disclose to i2M the number of yards of vinyl swimming pool liner film bearing i2M's copyrighted designs that CSI has printed for Trévi, without authorization, permission, or license from i2M and without i2M's knowledge.

16. i2M has lost substantial, measurable revenue because of CSI's infringements of i2M's copyrighted designs.

17.  Unless CSI is enjoined from infringing i2M's copyrighted designs in the future, i2M reasonably fears that CSI will continue to infringe its copyrighted designs.

**B.  Fading**

18.  An i2M customer complained that it has experienced fading of the color on i2M swimming pool liner film printed for i2M by CSI.

19.  The fading problem this i2M customer is experiencing is not caused by over-chlorination, as is common, because the fading on the swimming pool floor film is markedly worse than the fading on the swimming pool wall.

20.  Based on i2M's analysis of this fading problem, i2M has concluded that the cause of the problem is CSI's failure to follow the specifications for printing services.

21.  As a result of the fading problem caused by CSI's printing failure, i2M has been compelled to make refund payments to its customer.

22.  i2M reasonably believes that the fading problem caused by CSI's printing failure will be an ongoing problem, and it anticipates that additional refund payments will be required as the defective material sees more field exposure.

23.  i2M has suffered not only monetary damages as a result of the fading problem caused by CSI's printing failure but also a significant loss of goodwill, and it anticipates that it will incur additional actual and consequential damages in the future from this failure.

**C.  Seam Separation**

24.  Since 2013, three i2M customers complained that they have experienced seam separation issues with i2M swimming pool liner film printed by CSI.  The issue is that the seams of the film do not hold under stress.

25.  i2M tested the same film that was unprinted and found that the seams held fast.

26. Based on i2M's analysis of this seam separation problem, i2M has concluded that the cause of the problem is CSI's failure to follow standard protocol and properly manage the ink/film properties, resulting in the ink layer cohesively failing.

27. As a result of the seam separation problem, i2M has been compelled to issue credits to its customers in amounts to be determined at trial.

28. i2M reasonably believes that the seam separation problem caused by CSI's printing failure will be an ongoing problem, and it anticipates that it will be compelled to issue additional credits to customers in the future.

29. i2M has suffered actual and consequential damages as a result of the seam separation problem caused by CSI's printing failure, and it anticipates that it will suffer additional actual and consequential damages as a result of this failure.

<u>**COUNT ONE (Copyright Infringement)**</u>

30. i2M adopts and incorporates by reference all previous allegations in this Complaint.

31. CSI has infringed i2M's copyright in a number of i2M designs, including "Galaxy Water," "Cobblestone," "Aquaria Bottom," "Crystal Wave no. 112," "Crystal Wave no. 112," and "Crystal Wave."

32. As a direct and proximate result of CSI's infringement of i2M's copyright, i2M has suffered actual damages in the form of lost profits, the total amount of which will be determined at trial.

33. In the alternative, as a direct and proximate result of CSI's infringement of i2M's copyright, i2M is entitled to statutory damages in an amount to be determined at trial.

34. i2M also is entitled to a permanent injunction preventing CSI from infringing i2M's copyright in the future.

## COUNT TWO (Breach of Contract)

35. i2M adopts and incorporates by reference all previous allegations in this Complaint.

36. CSI entered into agreements with i2M to print i2M vinyl swimming pool liner film following all specifications and standard protocols and properly managing ink/film properties.

37. CSI breached these agreements and their implied covenant of good faith and fair dealing by failing to follow all specifications and standard protocols and requirements.

38. Due to CSI's breach of these agreements, vinyl swimming pool liner film printed by CSI for i2M and sold by i2M to its customers has faded or has encountered seam separation.

39. As a result of CSI's breach of these agreements, i2M has suffered actual and consequential damages in an amount to be determined at trial.

## COUNT THREE (Negligence in Performance of Contract)

40. i2M adopts and incorporates by reference all previous allegations in this Complaint.

41. CSI owed i2M a duty to perform its agreements with i2M in a non-negligent manner.

42. CSI engaged in misfeasance by failing to perform its agreements with i2M in a non-negligent manner, causing vinyl swimming pool liner film printed by CSI for i2M to fade or experience seam separation problems.

43. As a direct and proximate result of CSI's misfeasance and negligent performance of its agreements, i2M has suffered actual and consequential damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff i2M prays for relief including, but not limited to, the following:

1. Compensatory damages, statutory damages, and all other damages allowed by law, as claimed in the above counts;

2. A permanent injunction to prevent future wrongful conduct;

3. Both pre-judgment and post-judgment interest at the maximum rate allowed by law on any amounts awarded;

4. Costs, expert fees, and reasonable attorneys' fees as allowed by law;

5. Such other and further relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff i2M demands a trial by jury on all claims so triable.

Dated: April 23, 2017

Respectfully submitted,

/s/ Neil H. Koslowe
Neil H. Koslowe (*pro hac vice*)
Eliza Hall (*pro hac vice_*
Potomac Law Group PLLC
1300 Pennsylvania Avenue, N.W., Suite 700
Washington, DC 20004
Telephone: (202) 320-8907
Email: nkoslowe@potomaclaw.com

Robert D. Schaub
Rosenn, Jenkins & Greenwald LLP
15 South Franklin Street
Wilkes-Barre, PA 18711-0075
Telephone: (570) 704-5750
Email: rschaub@rjglaw.com

*Attorneys for Plaintiff*