# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRESTWOOD MEMBRANES, INC. d/b/a i2M**<br>755 Oakhill Road<br>Crestwood Industrial Park<br>Mountain Top, PA 18707<br>　　　　　Plaintiff<br>　　v.<br><br>**CONSTANT SERVICES, INC.**<br>17 Commerce Road<br>Fairfield, NJ 07004<br>　　　　　Defendants | Civil Action Law<br><br>Jury Trial Demanded<br><br>Civil Action No. 3:15-cv-00537-RDM |

## DEFENDANT CONSTANT SERVICES, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Constant Services, Inc., through its attorneys, Marshall Dennehey Warner Coleman and Goggin, hereby files its Answer to Plaintiff, Crestwood Membranes, Inc. d/b/a i2M's Amended Complaint, and states as follows:

## INTRODUCTION

Federal Rule of Civil Procedure 8(d)(1) states that each allegation in a complaint must be simple, concise and direct. No technical form is required. Additionally, Federal Rule of Civil Procedure 10(b), states that a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. The "Introduction" section of Plaintiff's Amended Complaint (Doc. 131 at pp. 1-3) does not comply with the pleadings standards of

1

the Federal Rules of Civil Procedure. Accordingly, no response is required. To the extent that a response is required, the allegations contained therein are denied and strict proof thereof is demanded.

## JURISDICTION AND VENUE

1. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that this Court has jurisdiction of the subject matter contained in Plaintiff's Amended Complaint.

2. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that this Court has personal jurisdiction over Plaintiff and Defendant.

3. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that venue is proper in the United States District Court for the Middle District of Pennsylvania.

## PARTIES

4. Admitted.

5. Admitted.

## FACTUAL BACKGROUND

**A.    COPYRIGHT INFRINGEMENT**

6. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the Asset Purchase Agreement executed on May 13, 2009 is a document capable of speaking for itself.

7. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the copyrights referred to are documents capable of speaking for themselves.

8. It is admitted that per an agreement with i2M, CSI stored cylinders owned by i2M at its facility, including cylinders utilized by CSI to print patterns for use by i2M and its customers, including Trevi. The remaining allegations in this paragraph are denied and strict proof thereof is demanded.

9. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied and strict proof thereof is demanded.

10. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, it is specifically denied that CSI infringed on copyrights allegedly owned by i2M.

11. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

12. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

13. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

14. It is admitted that i2M requested its cylinders back from CSI. It is unknown when this was done in relation to i2M's alleged learning of CSI's alleged infringement, which is specifically denied. Further, any delay which took place resulted from CSI's desire to ensure proper ownership and return of the proper cylinders.

15. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

16. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

17. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

### B. FADING

18. Without Plaintiff identifying the alleged customer and/or the alleged complaint(s), Defendant is unable to admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

19. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

20. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

21. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

22. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

23. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

## C. SEAM SEPARATION

24. Without Plaintiff identifying the alleged customers and/or the alleged complaints, Defendant is unable to admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

25. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

26. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

27. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

28. After reasonable investigation, Defendant is unable to either admit or deny the averments in this paragraph. To the extent that a response is required, the averments are denied and strict proof thereof is demanded.

29. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

## COUNT I (COPYRIGHT INFRINGEMENT)

30. Defendant hereby incorporates by reference its answers to the preceding paragraphs as if each were set forth fully at length herein.

31. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

32. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

33. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

34. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

## COUNT II (BREACH OF CONTRACT)

35. Defendant hereby incorporates by reference its answers to the preceding paragraphs as if each were set forth fully at length herein.

36. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted

that CSI printed upon vinyl supplied by i2M. The remaining allegations are denied and strict proof thereof is demanded.

37. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

38. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

39. The averments in this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

## COUNT III (NEGLIGENCE IN PERFORMANCE OF CONTRACT)

40. Defendant hereby incorporates by reference its answers to the preceding paragraphs as if each were set forth fully at length herein.

41. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded.

42. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded.

43. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded.

## **PRAYER FOR RELIEF**

1. The averments in this paragraph contain demands for damages in this matter. Plaintiff's demand for damages is specifically denied and strict proof thereof is demanded.

2. The averments in this paragraph contain demands for damages in this matter. Plaintiff's demand for damages is specifically denied and strict proof thereof is demanded.

3. The averments in this paragraph contain demands for damages in this matter. Plaintiff's demand for damages is specifically denied and strict proof thereof is demanded.

4. The averments in this paragraph contain demands for damages in this matter. Plaintiff's demand for damages is specifically denied and strict proof thereof is demanded.

5.      The averments in this paragraph contain demands for damages in this matter. Plaintiff's demand for damages is specifically denied and strict proof thereof is demanded.

## DEMAND FOR JURY TRIAL

Defendant, CSI, demands a trial by jury on all claims so triable.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, may be limited, in whole or in part, by applicable state and federal laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff knew that Defendant was printing its patterns, including those identified in Plaintiff's Amended Complaint for pool liner manufacturers, including Trevi.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

### SIXTH AFFIRMATIVE DEFENSE

Defendant had a license to print designs for i2M.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant did not infringe upon any copyrights allegedly owned by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state an adequate breach of contract claim against Defendant.

### NINTH AFFIRMATIVE DEFENSE

Any issues with fading experienced by Plaintiff's customers were a result of inadequate vinyl supplied to Defendant by Plaintiff and were not a result of any actions or non-actions by the Defendant.

### TENTH AFFIRMATIVE DEFENSE

Any issues with seam separation experienced by Plaintiff's customers were a result of inadequate vinyl supplied to Defendant by Plaintiff and were not a result of any actions or non-actions by the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are a result of actions and non-actions by entities over whom Defendant had no control.

## **TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff paid credits to customers in an effort to maintain and/or build upon the market share gained by the Plaintiff's predecessor, HPG, and passed along to Plaintiff.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

Credits are a common and routine part of Plaintiff's business.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's principal, Christopher Hackett, had no experience in the field of pool liner vinyl production when he began Plaintiff's operations in 2009 and, as a result, Plaintiff's product suffered and was inadequate, resulting in complaints by Plaintiff's customers for which Plaintiff now seeks compensation.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

_____
Patrick J. Boland III, Esquire
Atty. I.D. #PA75924
Mark J. Kozlowski, Esquire
Attorney I.D. #PA308676
P.O. Box 3118
Scranton, PA  18505-3118

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRESTWOOD MEMBRANES, INC.  d/b/a i2M**<br>755 Oakhill Road<br>Crestwood Industrial Park<br>Mountain Top, PA 18707<br>       Plaintiff<br>            v.<br><br>**CONSTANT SERVICES, INC.**<br>17 Commerce Road<br>Fairfield, NJ 07004<br>       Defendants | Civil Action Law<br><br>Jury Trial Demanded<br><br>Civil Action No. 3:15-cv-00537-RDM |

## **CERTIFICATE OF SERVICE**

I, Patrick J. Boland III, Esquire, do hereby certify that a true and correct copy of Defendant Constant Services, Inc.'s Answer with Affirmative Defenses to Plaintiff's Amended Complaint was filed electronically with the Court on the 13th day of June 2017, via CM/ECF and served electronically on all counsel of record.

            Respectfully submitted,
            **MARSHALL DENNEHEY WARNER**
            **COLEMAN & GOGGIN**

            _____
            Patrick J. Boland III, Esquire
            Atty. I.D. #PA75924
            Mark J. Kozlowski, Esquire
            Attorney I.D. #PA308676
            P.O. Box 3118
            Scranton, PA  18505-3118

13