THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRESTWOOD MEMBRANES, INC.,

    Plaintiff,

v.

CONSTANT SERVICES, INC.,

    Defendant.

3:15-CV-537
(JUDGE MARIANI)

FILED
SCRANTON

JAN - 4 2018

PER_____
    DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court are Plaintiff's Motion to Renew its Motion for an Adverse Inference Instruction, (Doc. 116), and Defendant's Motion to Strike Plaintiff's Motion to Renew, (Doc. 125). For the reasons that follow, the Court will grant Plaintiff's Motion to Renew and deny Defendant's Motion to Strike.

### II. PROCEDURAL HISTORY

On March 17, 2015, Plaintiff, Crestwood Membranes, Inc., d/b/a i2M ("i2M"), filed a Complaint against Defendant, Constant Services, Inc. ("CSI"). (Doc. 1). Prior to the lawsuit, the two parties had been in a business relationship whereby i2M supplied CSI with swimming pool liner vinyl, CSI printed patterns on the vinyl, and then i2M sold the printed liners to third party customers. (*Id.*). i2M's Complaint alleged that CSI infringed on several copyrighted patterns owned by i2M and that CSI's printing practices caused seam separation and fading issues with respect to the vinyl. (*Id.*).

At the close of discovery, i2M filed a Motion for Issuance of an Adverse Inference Instruction. (Doc. 54). After the parties fully briefed the Motion, the Court referred it, along with two pending motions for summary judgment, to Magistrate Judge Carlson. On November 15, 2016, Magistrate Judge Carlson then issued an Order which denied i2M's Motion for Issuance of an Adverse Inference Instruction as premature. (Doc. 88). The denial, however, was without prejudice to i2M's right to renew the motion before this Court after the pending summary judgment motions had been resolved. (*Id.*). Thereafter, Magistrate Judge Carlson issued two Report and Recommendations on the pending motions for summary judgment.

On April 13, 2017, after this Court reviewed the two Report and Recommendations and issued rulings on the parties' summary judgment motions, i2M filed a "Motion and Brief" seeking leave to renew its Motion for Issuance of an Adverse Inference Instruction. (Doc. 116). Specifically, i2M's Motion asked this Court to return the Motion for Issuance of an Adverse Inference Instruction to the active docket and treat it as fully briefed and ripe for decision. (*Id.*). CSI did not concur with i2M's motion. (*Id.*).

On May 11, 2017, CSI filed a Motion to Strike i2M's Motion to Renew arguing that because i2M never filed a brief in support of its Motion to Renew, that motion should be deemed withdrawn pursuant to Local Rule 7.5. (Doc. 125). The parties thereafter fully briefed CSI's Motion. (Docs. 126, 127, 128).

## III. DISCUSSION

Rule 7.5 of the Local Rules of Court for the Middle District of Pennsylvania ("Local Rules") provides

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

Although i2M maintains that it did comply with this rule by filing a "combined motion and brief," Local Rule 5.1(h) provides that "[e]ach motion and each brief shall be a separate document." Thus, CSI is correct that i2M did not comply with the Local Rules when i2M failed to submit a separate brief in support of its Motion to Renew. Further, i2M's noncompliance is especially troubling considering that both Magistrate Judge Carlson and this Court have previously admonished i2M's counsel for failing to follow the Local Rules. (Doc. 96 at 2, 8-9; Doc. 105; Doc. 107 at 3-4).

Nevertheless, "[i]t is almost axiomatic that decisions on the merits are not to be avoided on grounds of technical violations of procedural rules." *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 144 (3d Cir. 1998). i2M submitted and fully briefed its Motion for an Motion for an Adverse Inference Instruction. Although it was denied as premature, that denial was without prejudice to i2M's right to refile the Motion at the appropriate time.

3

(Doc. 88). Although i2M's counsel violated the Local Rules by not submitting a separate brief in support of its Motion to Renew its Motion for an Adverse Inference Instruction, such violation in this case is merely technical. Given that Magistrate Judge Carlson's Order gave i2M the right to renew its Motion after the summary judgment motions had been ruled upon, this Court is not aware of any grounds—and CSI has not brought any to this Court's attention—on which this Court would have denied i2M's Motion to Renew had it been fully briefed. Thus, the lack of proper briefing in no way harmed either party or harmed the Court's ability to evaluate the Motion. Accordingly, the Court will not deny i2M the opportunity to have its Motion for an Adverse Inference Instruction fully evaluated on its merits due to i2M's failure to comply with the Local Rules. *Cf. Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17, 108 S. Ct. 2405, 101 L. Ed. 2d 285 (1988) ("[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant i2M's Motion to Renew its Motion for an Adverse Inference Instruction and deny CSI's Motion to Strike i2M's Motion to Renew. A separate Order follows.

Robert D. Mariani
United States District Judge