# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRESTWOOD MEMBRANES, INC., | : |
| Plaintiff, | : |
| v. | : 3:15-CV-537 |
| | : (JUDGE MARIANI) |
| CONSTANT SERVICES, INC., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

The above captioned matter arises out of a business relationship between Plaintiff, Crestwood Membranes, Inc., d/b/a i2M ("i2M"), and Defendant, Constant Services, Inc. ("CSI"). The arrangement between the parties primarily consisted of i2M suppling CSI with swimming pool liner vinyl, CSI printing patterns on the vinyl, and i2M selling the printed liners to third party customers. i2M's Amended Complaint alleges that CSI infringed on several of i2M's copyrighted pool liner patterns by printing them for other CSI customers without i2M's consent. (Doc. 131). Additionally, i2M claims that CSI's printing practices caused the patterned pool liners i2M sold to separate at the seams and fade prematurely. (*Id.*). Presently before the Court is CSI's Motion in Limine to Limit the Number of Copyrighted Patterns at Issue at the Time of Trial. (Doc. 145). For the reasons that follow, the Court will deny CSI's Motion.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.*" *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. Discussion

Through the present Motion, CSI seeks to reduce the number of copyrighted patterns at issue during the trial from six to four. (Doc. 145-2). That is, i2M has claimed that CSI has infringed on six of i2M's copyrights. CSI argues that three of the patterns are derivative of each other and, under *Walt Disney Company v. Powell*, 897 F.2d 565 (D.C. Cir. 1990), constitute only one "work" for purposes of damages.

> In an action for copyright infringement,
>
> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, *with respect to any one work*, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c)(1) (emphasis added). In *Walt Disney Company,* the Court of Appeals for the District of Columbia held that, under the above provision, "statutory damages are to be calculated according to the number of works infringed, not the number of infringements." *Walt Disney Co.*, 897 F.2d at 569.

3

*Walt Disney Company* involved a souvenir vendor, Powell, who had infringed upon Disney's copyrights to Mickey Mouse and Minnie Mouse. *Id.* at 566-67. At the time, Disney held six registered copyrights to the characters. *Id.* at 567, 570. After Powell was found liable, the district court awarded six sets of statutory damages, one for each registered copyright. *Id.* at 567. On appeal, the Circuit Court held that the district court erred because there were not six separate "works" as that term is used in § 504(c)(1). *Id.* at 569. According to the Court,

> The Act does not define "work" but explains that "all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c)(1). Courts and scholars have gone further, however, in defining "work" for the purpose of determining damages. The Second Circuit has explained that separate copyrights are not distinct works unless they can "live their own copyright life." In the same vein, one of its district courts has determined that where separate copyrights "have no separate economic value, whatever their artistic value, they must be considered part of [a] . . . work for purposes of the copyright statute." Nimmer has similarly stated that "in order to qualify for a separate minimum award, the work which is the subject of a separate copyright would have to be in itself . . . viable." [3 M. & D. NIMMER, NIMMER ON COPYRIGHT,] § 14–04[E] at 14–40.13.

*Id.* (alterations in original) (footnotes omitted). The Court then reasoned that, based on the above, Powell was only guilty of infringing on two copyrighted works:

> While Mickey and Minnie are certainly distinct, viable works with separate economic value and copyright lives of their own, we cannot say the same is true for all six of the Disney copyrights of Mickey and Minnie in various poses which the district court found to be infringed in this case. Mickey is still Mickey whether he is smiling or frowning, running or walking, waving his left hand or his right.

*Id.* at 570.

4

Here, CSI argues that three of i2M's copyrights are derivative of each other and, under *Walt Disney Company*, constitute only one "work" as that term is used in § 504(c)(1). Therefore, CSI contends that this Court should reduce the number of copyrights at issue during trial from six to four. The rule articulated in *Walt Disney Company*, however, concerns the proper calculation of damages, not the admissibility of evidence. Indeed, nothing in that case even tangentially addresses the issue of the admissibility of evidence. Thus, to the extent that CSI seeks to use *Walt Disney Company* to block the introduction of evidence concerning the supposedly derivative copyrighted patterns,[1] the Court finds that *Walt Disney Company* is inapplicable and will deny CSI's request.

To the extent that CSI is seeking a pretrial ruling as to how this Court will calculate statutory damages if it becomes necessary to do so, the Court will deny such motion as improper and premature. "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the *admissibility and relevance* of certain forecasted evidence." *Tartaglione*, 228 F. Supp. 3d at 406 (emphasis added). As this motion does not concern the admissibility of evidence, a motion in limine is an improper mechanism to bring CSI's request.

Further, under 17 U.S.C. § 504, a copyright owner in an infringement action has the option of seeking actual damages or statutory damages. 17 U.S.C. § 504(a). As discussed above, a "copyright owner may elect, *at any time before final judgment is rendered*, to

---

[1] For its part, i2M argues that each of its copyrighted patterns has separate economic value, and therefore constitute separate "works" for the purposes of § 504(c)(1). (Doc. 151 at 5-9).

5

recover, instead of actual damages and profits, an award of statutory damages." 17 U.S.C. § 504(c)(1) (emphasis added). Presently, i2M has not succeeded on its copyright claims or elected to seek statutory damages instead of actual damages. Thus, CSI is seeking a ruling on how the Court would calculate damages in the event that i2M (1) succeeds at trial, *and* (2) elects statutory damages in lieu of actual damages.[2] As neither of those contingencies has yet to occur—and may never occur—the issue is not properly before the Court, and, accordingly, the Court will deny CSI's Motion.

## VI. CONCLUSION

For the forgoing reasons, the Court will deny CSI's Motion in Limine to Limit the Number of Copyrighted Patterns at Issue at the Time of Trial. Nevertheless, in the event that i2M succeeds at trial and elects statutory damages, CSI will be free to renew its arguments as to how many "works" were infringed upon under 17 U.S.C. § 504(c)(1). A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2] Indeed, if either one of these contingencies does not occur, the issue raised in CSI's Motion will be completely moot.