IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRESTWOOD MEMBRANES, INC., :
:
    Plaintiff, :
v. : 3:15-CV-537
: (JUDGE MARIANI)
CONSTANT SERVICES, INC., :
:
    Defendant. :

## MEMORANDUM OPINION

### I. INTRODUCTION

The above captioned matter arises out of a business relationship between Plaintiff, Crestwood Membranes, Inc., d/b/a i2M ("i2M"), and Defendant, Constant Services, Inc. ("CSI"). The arrangement between the parties primarily consisted of i2M suppling CSI with swimming pool liner vinyl, CSI printing patterns on the vinyl, and i2M selling the printed liners to third party customers. i2M's Amended Complaint alleges that CSI infringed on several of i2M's copyrighted pool liner patterns by printing them for other CSI customers without i2M's consent. (Doc. 131). Additionally, i2M claims that CSI's printing practices caused the patterned pool liners i2M sold to separate at the seams and fade prematurely. (*Id.*). Presently before the Court is CSI's Motion in Limine to preclude the so-called "Latham Warranty." (Doc. 143). For the reasons that follow, the Court will defer ruling on this motion until trial.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

2

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . .* [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. DISCUSSION

Through the present Motion, CSI seeks a ruling that a document produced in discovery, the "Latham Warranty," is inadmissible. The Latham Warranty is a one-page document, issued by Latham Pool Products, that provides, in part, "that if a swimming pool liner shall fail due to a separation of a welded seam within twenty-five (25) years from the date of installation," and certain other conditions are met, "Latham Pool Products, Inc., at its option, will repair any such defect or supply a new vinyl liner." (Doc. 144-1). According to the representations of the parties, Latham Pool Products is one of the customers who purchases pool liners from i2M and then resells the liners to individual retail consumers.

CSI argues that the Latham Warranty is irrelevant to the present action because (1) CSI was not a party to the warranty or any contract between Latham Pool Products and i2M, and (2) i2M has offered no evidence to indicate that CSI was aware of the terms of the Latham Warranty. (Doc. 144 at 2-3). i2M argues that CSI's motion is premature because CSI has no way to predict whether, and for what purpose, i2M will introduce the Latham Warranty. (Doc. 150 at 2). Alternatively, i2M argues that the Latham Warranty is relevant

to i2M's damages because when a seam failure occurs within the next twenty-five years, Latham Pool Products will be forced to repair the failure at its own costs and will then seek reimbursement from i2M. (*Id.* at 2-3). Thus, i2M contends, the Latham Warranty is evidence of i2M's future exposure to damages. (*Id.* at 3).[1]

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Federal Rule of

---

[1] In a footnote, i2M also contends that this Court should deny CSI's motion because CSI failed to comply in good faith with Local Rule 7.1. (Doc. 150 at 1). Local Rule 7.1 provides, in relevant part, that "[a] motion . . . shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied." Nevertheless, i2M's brief contains no supporting argument for its contention that CSI violated the Local Rules. Instead, i2M simply cites to another one of its briefs. Rule 7.8, however, provides, in relevant part, that "[n]o brief may incorporate by reference all or any portion of any other brief." Thus, i2M's argument with respect to Local Rule 7.1 is waived for failure to properly brief it. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n. 6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.").

Nonetheless, even if this Court were to address the merits of i2M's argument as laid out in its other brief, the Court would not dismiss CSI's motion for failure to comply with Local Rule 7.1. In essence, i2M asserts that counsel for CSI sent counsel for i2M an email seeking concurrence in CSI's five motions in limine only a few hours before CSI's counsel actually submitted the motions to the Court. (Doc. 149 at 2-3). i2M argues that, given the small amount of time involved, it had no real opportunity to respond. (*Id.*). i2M further contends that it was prejudiced by this lack of compliance because i2M may have been able to convince CSI not to file some of its motions, thereby saving i2M the time and cost of responding to them. (*Id.*).

Even if i2M is correct that CSI did not make a good faith attempt to comply with Local Rule 7.1, i2M's argument that it was prejudiced by CSI's actions boarders on the absurd. If i2M wanted to convince CSI not to pursue a particular motion, or at least limit the issues contained therein, i2M could have done so after CSI's motions were filed. The parties could have then submitted a stipulation with the Court that a motion or a part of a motion was withdrawn. Thus, any violation that occurred was harmless.

Finally, the Court feels compelled to note that, during the course of this litigation, counsel on *both* sides have repeatedly failed to comply with the Local Rules. Nevertheless, despite their own failure to follow the rules, counsel for both parties have also been quick to point out the opposing counsel's noncompliance. Moving forward, both sides would do well to focus their energy on ensuring that they have themselves complied with the Local Rules instead of pointing out the opposing side's hyper-technical violations that have created no prejudice.

Evidence 402 provides, in part, that "[i]rrelevant evidence is not admissible." FED. R. EVID. 402. Here, at the pretrial stage, the Court cannot say that the Latham Warranty does not meet the exceedingly low bar for relevancy. Indeed, the fact that Latham Pool Products warranties its pool liners against seam separation for twenty-five years, combined with other evidence, may very well be relevant to i2M's damages. That is not to say, of course, that the evidence may play out at trial in a way as to render the Latham Warranty irrelevant. The Court is merely observing that, without the benefit of knowing what evidence will be produced at trial, the Court cannot make a relevancy determination at this time. *See Walden*, 126 F.3d at 518 n.10 (observing that a decision on a challenge to the relevancy of evidence is often best reserved for trial).

## VI. CONCLUSION

For the forgoing reasons, the Court will defer ruling on CSI's Motion in Limine to Preclude the Latham Warranty. This ruling, however, does not alter CSI's responsibility to raise this objection at the appropriate time at trial, if warranted in light of the evidence adduced by that time. Failure to raise this issue at the appropriate time at trial will be deemed a waiver of the objections found within this Motion. A separate Order follows.

*[signature]*
Robert D. Mariani
United States District Judge