# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRESTWOOD MEMBRANES, INC., | :<br>: |
| Plaintiff, | : |
| v. | : 3:15-CV-537<br>: (JUDGE MARIANI) |
| CONSTANT SERVICES, INC., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

The above captioned matter arises out of a business relationship between Plaintiff, Crestwood Membranes, Inc., d/b/a i2M ("i2M"), and Defendant, Constant Services, Inc. ("CSI"). The arrangement between the parties primarily consisted of i2M suppling CSI with swimming pool liner vinyl, CSI printing patterns on the vinyl, and i2M selling the printed liners to third party customers. i2M's Amended Complaint alleges that CSI infringed on several of i2M's copyrighted pool liner patterns by printing them for other CSI customers without i2M's consent. (Doc. 131). Additionally, i2M claims that CSI's printing practices caused the patterned pool liners i2M sold to separate at the seams and fade prematurely. (*Id.*). Presently before the Court is CSI's Motion in Limine to Preclude Expert Report and to Preclude Scott Hampton from Testifying at Trial. (Doc. 141). For the reasons that follow, the Court will deny CSI's Motion.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

2

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . .* [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. DISCUSSION

Through the present Motion, CSI seeks to preclude i2M's expert, Scott Hampton, from testifying at trial on the basis that i2M disclosed him and his expert report in an untimely fashion. On January 14, 2016, this Court issued an Order that required reports from i2M's retained experts to be turned over to CSI by May 31, 2016, and reports from CSI's retained experts to be turned over to i2M by June 30, 2016. (Doc. 32 at 4). The Order also provided that "[s]upplementations shall be due by July 14, 2016." (*Id.*).

According to CSI, i2M turned over an expert report authored by Rodrigo Sosa on May 31, 2016. CSI then turned over several expert reports—including a report authored by Chad Staller and James Markham—on June 30, 2016. Finally, i2M turned over the contested expert report authored by Scott Hampton on July 14, 2016. CSI argues that Hampton's report was untimely under this Court's Order. CSI further argues that Hampton's report cannot be considered a rebuttal report because it goes beyond the scope of any of CSI's expert reports.

3

Upon close examination of the Hampton's expert report, it seems beyond doubt that the report responds to the opinions and methodology found in CSI's expert report authored by Staller and Markham. Indeed, Hampton labels his report a rebuttal report, states that he was retained by i2M "for the exclusive purpose of reviewing and responding to the expert report co-authored by Chad L. Staller and James Markham," and responds, point by point, to Staller and Markham's report. (Doc. 168).

Having concluded that Hampton's report is indeed a rebuttal report, the Court turns to whether it was timely submitted. As mentioned above, Hampton's report was turned over on July 14, 2016. This was within the time period for supplementations as set by this Court's Order. Accordingly, Hampton's report is timely. CSI, however, argues that Hampton's report is not a "supplementation" because it is a new report, not a supplement to a prior report. Even if this Court were to credit this argument, Hampton's report would be timely. Federal Rule of Civil Procedure 26 provides, in part, that "[a]bsent a stipulation or a court order," an expert who will offer evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must be disclosed "within 30 days after the other party's [expert witness] disclosure." FED. R. CIV. P. 26(a)(2)(D)(ii). CSI turned over Staller and Markham's expert report on June 30, 2016. Thus, under Rule 26, i2M had until July 30, 2016, to turn over any rebuttal to that report.

Thus, regardless of whether an expert rebuttal report falls with the category of "supplementations" as that term is used in this Court's Order, Hampton's report was timely disclosed. Accordingly, the Court will deny CSI's Motion.

## VI. CONCLUSION

For the forgoing reasons, the Court will deny CSI's Motion in Limine to Preclude Expert Report and to Preclude Scott Hampton from Testifying at Trial. A separate Order follows.

Robert D. Mariani
United States District Judge