IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRESTWOOD MEMBRANES, INC.,

    Plaintiff,

v.

CONSTANT SERVICES, INC.,

    Defendant.

3:15-CV-537
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

The above captioned matter arises out of a business relationship between Plaintiff, Crestwood Membranes, Inc., d/b/a i2M ("i2M"), and Defendant, Constant Services, Inc. ("CSI"). The arrangement between the parties primarily consisted of i2M suppling CSI with swimming pool liner vinyl, CSI printing patterns on the vinyl, and i2M selling the printed liners to third party customers. i2M's Amended Complaint alleges that CSI infringed on several of i2M's copyrighted pool liner patterns by printing them for other CSI customers without i2M's consent. (Doc. 131). Additionally, i2M claims that CSI's printing practices caused the patterned pool liners i2M sold to separate at the seams and fade prematurely. (*Id.*). Presently before the Court is CSI's Motion in Limine to Preclude Portions of Plaintiff's Expert Report. (Doc. 139). For the reasons that follow, the Court will deny CSI's Motion.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.*" *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. Discussion

Through the present Motion, CSI seeks to preclude a portion of an expert report authored by i2M's retained expert, Rodrigo Sosa. Specifically, CSI seeks to preclude any portion of the report in which Mr. Sosa refers to a test conducted by Exxon Mobil. CSI argues that, because Mr. Sosa lacks first-hand knowledge of the practices and procedures used by Exxon Mobil when performing the test, Mr. Sosa is unqualified to testify as to the validity of the Exxon Mobil test or its conclusions. (Doc. 140 at 3-4).

Federal Rule of Evidence 703 provides, in part, that

> An expert may base an opinion on facts or data in the case that *the expert has been made aware of* or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

FED. R. EVID. 703 (emphasis added). Under this rule, "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Indeed, "[a]s long as the expert's methodology is sound, he need not necessarily do

3

any of his own analysis." *Hamilton v. Emerson Elec. Co.*, 133 F. Supp. 2d 360, 370 (M.D. Pa. 2001). As such, an expert "may rely on the research, studies, and expertise of others, so long as they are of the sort of information regularly relied on by experts in the field." *Eclipse Elecs. v. Chubb Corp.*, 176 F. Supp. 2d 406, 412 (E.D. Pa. 2001); *Cf. Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 807 (3d Cir. 1997) ("[I]t is perfectly acceptable, in arriving at a diagnosis, for a physician to rely on examinations and tests performed by other medical practitioners.").

Accordingly, the fact that Mr. Sosa did not personally perform the Exxon Mobil test does not make the opinions he arrived at based upon his review of that test per se inadmissible. Indeed, as long as the Exxon Mobil test is the type of information regularly relied on by experts in Mr. Sosa's field and Mr. Sosa's methodology is sound, his opinion testimony based upon his review of the Exxon Mobil test is admissible. As CSI has not challenged Mr. Sosa's methodology or argued that the Exxon Mobil test is not the type of information regularly relied on by experts in Mr. Sosa's field, the Court need not address those questions at this time. Instead, it is sufficient to say that nothing raised in CSI's motion provides a basis for the pretrial preclusion of any portion of Mr. Sosa's expert report and proposed testimony.

## VI. CONCLUSION

For the forgoing reasons, the Court will deny CSI's Motion in Limine to Preclude Portions of Plaintiff's Expert Report. This denial, however, will be without prejudice to CSI's

4

right to challenge the admissibility of Mr. Sosa's testimony concerning the Exxon Mobil test on grounds not raised in its Motion. A separate Order follows.

                                              Robert D. Mariani
                                              United States District Judge