# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRESTWOOD MEMBRANES, INC., | : |
| Plaintiff, | : |
| v. | : 3:15-CV-537 |
| | : (JUDGE MARIANI) |
| CONSTANT SERVICES, INC., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

The above captioned matter arises out of a business relationship between Plaintiff, Crestwood Membranes, Inc., d/b/a i2M ("i2M"), and Defendant, Constant Services, Inc. ("CSI"). The arrangement between the parties primarily consisted of i2M suppling CSI with swimming pool liner vinyl, CSI printing patterns on the vinyl, and i2M selling the printed liners to third party customers. i2M's Amended Complaint alleges that CSI infringed on several of i2M's copyrighted pool liner patterns by printing them for other CSI customers without i2M's consent. (Doc. 131). Additionally, i2M claims that CSI's printing practices caused the patterned pool liners i2M sold to separate at the seams and fade prematurely. (*Id.*). Presently before the Court is CSI's Motion in Limine to Preclude Plaintiff's Hybrid Witnesses. (Doc. 147). For the reasons that follow, the Court will deny the Motion in part and dismiss it as moot in part.

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.*" *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. DISCUSSION

Through the present Motion, CSI seeks to prevent i2M from calling Allan MacKinlay as a non-retained expert witness.[1] CSI argues that i2M's disclosure of MacKinlay does not provide an adequate summary of the facts and opinions that will make up MacKinlay's expert testimony. Under Federal Rule of Civil Procedure 26, a party must make certain disclosures concerning the expert testimony the party intends to offer at trial. FED. R. CIV. P. 26(a)(2)(A). With respect to an expert witnesses who is not "retained or specially employed to provide expert testimony in the case," and who is not "one whose duties as the party's employee regularly involve giving expert testimony," a party's disclosure "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of

---

[1] CSI's Motion also sought to preclude i2M from offering the expert testimony of Bryan Burgess, Steven McEntee, Bob Buffalino, and David Kostrewski because i2M disclosed these expert witnesses in an untimely manner. On January 16, 2018, this Court issued an order directing i2M to "show cause as to why . . . [its] disclosure of Bryan Burgess, Steven McEntee, Bob Buffalino, and David Kostrewski as rebuttal expert witnesses . . . did not comply with the time limitations for disclosure found in Federal Rule of Civil Procedure 26(A)(2)(D)(ii)." (Doc. 174). In response, i2M stated that it "has decided that it will not call Mr. Burgess, Mr. McEntee, Mr. Buffalino, or Mr. Kostrewski, as expert witnesses." (Doc. 182). Accordingly, the Court will dismiss as moot this portion of CSI's Motion.

Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(B)-(C).

By letter dated October 27, 2017, i2M's counsel disclosed that i2M intends to call Allan MacKinlay, an i2M employee, as a non-retained expert and fact witness. (Doc. 148-1). The letter specified that "Mr. MacKinlay intends to testify that the Exxon/Mobil tests demonstrate that defendant CSI is at fault for the fading problems experienced by i2M's customers with respect to i2M['s] vinyl printed for i2M by CSI." (*Id.*). On January 16, 2018, this Court issued an Order directing i2M to show cause why its October 27, 2017, disclosure of MacKinlay did not contain a summary of the facts to which MacKinlay is expected to testify as required by Federal Rule of Civil Procedure 26(A)(2)(C)(ii). (Doc. 174)

In response, i2M asserted that its disclosure was a complete disclosure of the facts on which MacKinlay will rely on in testifying in his capacity as an expert. (Doc. 182 at 2). Based upon i2M's response, the Court finds that, to the extent that MacKinlay confines his expert testimony to the topic of the Exxon Mobil tests and his opinion that those tests show that CSI's printing practices were responsible for the fading problems, i2M's disclosure was sufficient under Federal Rule of Civil Procedure 26(A)(2)(C). Accordingly, the Court will deny CSI's Motion on this basis.

Next, CSI argues that MacKinlay's expert testimony should be barred because he did not author an expert report and because he was untimely disclosed. Both arguments lack merit. First, an expert who is not "retained or specially employed to provide expert

4

testimony in the case," and who is not "one whose duties as the party's employee regularly involve giving expert testimony," is not required to author an expert report. FED. R. CIV. P. 26(a)(2)(B). MacKinlay is not a retained expert or an employee who regularly gives expert testimony and was thus not required to author an expert report. Second, in the absence of a court order or stipulation to the contrary, a non-retained expert who did not author an expert report is required to be disclosed "at least 90 days before the date set for trial or for the case to be ready for trial." FED. R. CIV. P. 26(a)(2)(D)(i). Trial in this matter is set for January 29, 2018. Thus, i2M was required to disclose MacKinlay as a non-retained expert witness on or before October 31, 2017. Accordingly, i2M's October 27, 2017, disclosure was timely and therefore the Court will deny CSI's motion on this basis.[2]

## VI. CONCLUSION

For the forgoing reasons, the Court will deny in part, and dismiss as moot in part, CSI's Motion in Limine to Preclude Plaintiff's Hybrid Witnesses. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2] CSI also argues that MacKinlay's expert testimony should be barred because MacKinlay did not perform the Exxon Mobil test himself. The Court has addressed and rejected this same argument when CSI raised it with respect to the proposed testimony of i2M's retained expert, Rodrigo Sosa. (Doc. 193). As discussed more fully in that Opinion, under Federal Rule of Evidence 703, the fact that MacKinlay did not personally perform the Exxon Mobil test does not make the opinions he arrived at based upon his review of those tests per se inadmissible.